# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>FREMONT HOTEL AND CASINO,<br><br>Defendant. | Case No. 2:24-cv-01977-RFB-MDC<br><br>**ORDER** |

Before the Court is the Report and Recommendation (ECF No. 5) of the Honorable Maximiliano D. Couvillier, III, United States Magistrate Judge. For the following reasons, the Court affirms this report and recommendation in full.

## I.   DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. See 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Local Rule IB 3-2(b).

Pursuant to Local Rule IB 3-2(a), objections were due by November 20, 2024. Plaintiff Barbara Stuart Robinson filed the Objection on November 14. See ECF No. 6. On December 13, Plaintiff filed a First Amended Complaint. See ECF No. 7. That same day, Plaintiff filed an Amended Objection to the Report and Recommendation. See ECF No. 8. On December 16, Plaintiff filed a "Third" Amended Complaint. See ECF No. 9.

In this case, Magistrate Judge Couvillier screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and found that Plaintiff failed to state a claim upon which relief could be granted. Finding that amendment would be futile, the Report and Recommendation recommended that this case be dismissed.

In her original objection, Plaintiff states that her claim is not frivolous because Defendant Fremont Hotel and Casino unlawfully extorted Plaintiff by charging her an ATM Service Fee of $7.99 in violation of 18 U.S.C. § 880. Her First Amended Complaint appears to be the same as her original complaint and she again brings a single cause of action pursuant to 18 U.S.C. § 880. In her Amended Objection, she restates her claim under 18 U.S.C. § 880. Finally, her "Third" Amended Complaint appears to be the same document as the First Amended Complaint.

The Court concurs with Magistrate Judge Couvillier's finding that Plaintiff has failed to state a claim. Plaintiff's claim is for extortion under 18 U.S.C. § 880. Yet, Plaintiff has not demonstrated that there is a private right of action under 18 U.S.C. § 880 that would allow her to bring a suit. See, e.g., Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A., 511 U.S. 164, 190 (1994) (expressing "reluctan[ce] to infer a private right of action from a criminal prohibition alone" and refusing to "infer a private right of action from 'a bare criminal statute'"); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The statute does not expressly provide for a private right of enforcement and, as a general rule, it is only under rare circumstances that courts will imply a private right of action to enforce criminal laws. See Chrysler Corp. v. Brown, 441 U.S. 281, 284 (1979); Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) ("[T]he Supreme Court . . . has rarely implied a private right of action under a criminal statute.") (citations and internal quotation marks omitted); Dyson v. Utigard, 163 F.3d 607, 1998 WL 228235, at 1 (9th Cir. 1998) (unpublished table decision) ("[Plaintiff] has no private right of action under Title 18 of the United States Code."). Even if a cause of action were available, Plaintiff also fails to plead sufficient facts to plausibly satisfy a claim under this statute. Therefore, Plaintiff's claim fails.

Finally, the Court finds that, because there is no private cause of action, amendment is

futile. See <u>Californians for Renewable Energy v. Cal. Pub. Utils. Comm'n</u>, 922 F.3d 929, 935 (9th Cir. 2019) (leave to amend may be denied where there appeared "no possibility of stating a cause of action"); <u>Townsend v. Univ. of Alaska</u>, 543 F.3d 478, 487 (9th Cir. 2008) (amendment is futile where there is no private cause of action).

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 5) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) and Motion to File Electronically (ECF No. 2) are **DENIED** as moot.

The Clerk of Court is instructed to close this case accordingly.

**DATED:** September 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**